**E-FILED**
Wednesday, 25 April, 2012  11:31:47 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

DORIS J. BIANCHI, individually and as          CASE NO.: 1:12-CV-01039
Special Administrator of the Estate of
ADOLPH A. BIANCHI, deceased

Plaintiff,

v.

A.W. CHESTERTON COMPANY, et al.,

Defendants.

## DEFENDANT GOULDS PUMPS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND ANSWER TO PRESENT AND FUTURE CROSS CLAIMS

---

Defendant Goulds Pumps, Inc. (Goulds), by its attorneys, Hinshaw & Culbertson LLP, answers the Complaint as follows:

### JURISDICTION

Answering paragraph 1, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

Answering paragraph 2, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

Answering paragraph 3, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

Answering paragraph 4, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 5, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 6, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 7, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 8, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 9, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 10, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 11, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 12, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

130334254v1 0932644

Answering paragraph 13, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 14, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 15, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 16, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 17, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 18, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 19, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 20, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

130334254v1 0932644

Answering paragraph 21, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 22, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 23, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 24, Goulds admits only that it is a Delaware corporation with a principal office in New York. Goulds denies the remaining allegations in this paragraph to the extent that they apply to Goulds.

Answering paragraph 25, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 26, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 27, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 28, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

4

Answering paragraph 29, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 30, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 31, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 32, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 33, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 34, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 35, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 36, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

130334254v1 0932644

Answering paragraph 37, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 38, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 39, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 40, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 41, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 42, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 43, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 44, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

6

Answering paragraph 45, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 46, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 47, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein as they do not apply to Goulds and therefore denies the same.

Answering paragraph 48, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

Answering paragraph 49, Goulds alleges that this paragraph calls for a legal conclusion and does not require an answer. To the extent that an answer is required, Goulds denies the allegations in this paragraph.

Answering paragraph 50, Goulds lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies the same.

Answering paragraph 51, Goulds alleges that this paragraph calls for a legal conclusion and does not require an answer. To the extent that an answer is required, Goulds denies the allegations in this paragraph.

## GENERAL ALLEGATIONS

Answering paragraph 52, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

7

Answering paragraph 53, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

Answering paragraph 54, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

Answering paragraph 55, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

Answering paragraph 56, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

## COUNT I – PRODUCTS LIABILITY – NEGLIGENCE

Answering paragraph 57, Goulds admits only that the plaintiff asserts a claim for negligence, but denies any allegation of fact or conclusion of law that could be the basis for such a claim against Goulds. Answering further, Goulds re-states, re-alleges, and incorporates herein by reference its answers to the plaintiff's general allegations above.

Answering paragraph 58, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

Answering paragraph 59, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

8

Answering paragraph 60, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

Answering paragraph 61 and all of its subparts, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

Answering paragraph 62, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

## WRONGFUL DEATH

Answering paragraph 63, Goulds admits only that the plaintiff asserts a claim for wrongful death, but denies any allegation of fact or conclusion of law that could be the basis for such a claim against Goulds. Answering further, Goulds re-states, re-alleges, and incorporates herein by reference its answers to the plaintiff's allegations 1 through 62 above.

Answering paragraph 64, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same.

## PRAYER FOR RELIEF

Answering paragraph 65 and all of its subparts, Goulds denies the allegations therein to the extent that they apply to Goulds. Answering further, Goulds lacks knowledge or information sufficient to form a belief as to the truth of any allegations against other defendants and therefore denies the same

130334254v1 0932644

## AFFIRMATIVE DEFENSES

1.      This Court lacks personal jurisdiction over this defendant.

2.      That all Counts of Plaintiff's Complaint fail to state a claim against this defendant upon which relief may be granted.

3.      Plaintiff's claims are barred in while or in part by the applicable statute of limitations or statute of repose.

4.      Plaintiff is barred from asserting that defendant is liable for any losses that allegedly were suffered by plaintiff because of the doctrine of laches.

5.      If any of the allegations of the Plaintiff with respect to the allegedly defective condition of asbestos or asbestos products are proven, then Plaintiff is barred from any recovery due to the fact that there was no known substitute for asbestos products at the time of the exposure complained herein.

6.      Plaintiff's losses were caused  or directly contributed to by the negligence, contributory fault, comparative fault and/or assumption of the risk of Plaintiff or others. Defendant is not liable for any losses caused by others and Plaintiff is, therefore, barred from any recovery herein.  Or, alternatively, any recovery should be apportioned among the parties under the doctrine of comparative fault.

7.      If the plaintiff suffered damages as a result of the allegations set forth in the Complaint, then those damages were the result of intervening or superseding acts or omissions of persons other than the defendant.

8.      If plaintiff suffered injuries as a proximate result of a condition of any asbestos-containing product connected to this defendant, then any of such products would have been supplied to any employer of Plaintiff.  Such employer was a knowledgeable and sophisticated user of said products, and thus defendant had no further legal duty to warn or instruct Plaintiff.

10

9.     In the event that it be shown that Plaintiff used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered, or subjected to abnormal use.

10.     If any of the allegations of the Plaintiff, with respect to the allegedly defective condition of asbestos, products containing asbestos, or packaging warnings/instructions are proven, then Plaintiff is barred from any recovery against this Defendant due to the fact that there was no known practical or feasible substitute for asbestos or asbestos products at the time of exposure alleged, and the benefit of the product outweighed any harm allegedly caused by same.

11.     Goulds is not liable as a matter of law for any injuries or damages sustained by Plaintiff as a result of exposure to products containing asbestos to the extent Plaintiff's exposure to products containing asbestos manufactured and distributed by others was in conformity with regulations and specifications of the United States Government.

12.     If Plaintiff suffered damages as a result of the allegations set forth in the Complaint, then those damages were not proximately caused by any act or omission of this Defendant, or any product associated with this Defendant, but were instead solely and proximately caused by the acts or omissions of third persons or products associated with those third persons, for whom this Defendant is not responsible.

13.     That if Plaintiff sustained injuries and suffered damages as a result of exposure to or use of any product manufactured, distributed or sold by this Defendant, which this Defendant denies, the amount of any such exposure and/or use attributable to Plaintiff's alleged injuries and damages was and is negligible in degree and amount, and therefore *de minimus,* such that any alleged exposure and/or use of this Defendant's products was not a proximate cause of nor a substantial factor in causing Plaintiff's injuries, death and damages.

11

1:12-cv-01039-JES-BGC   # 5   Page 12 of 14

14.     Defenses as may be appropriate under the facts and circumstances of this case.

15.     That Plaintiff voluntarily assumed the risk of using products which contained asbestos.

16.     If plaintiff smoked tobacco products, then any damages awarded should be reduced in whole or in part by the amount of damages caused by smoking.

17.     This Defendant states that its fault, if any, is several only and that this Defendant is liable only for that portion of recoverable economic and non-economic damages, if any, that the amount of this Defendant's fault, if any, bears to the aggregate amount of fault of all other tortfeasors whose fault was a proximate cause of the injury and economic loss for which recovery of damages is sought.

18.     The actions of Goulds were within its rights under the First Amendment of the United States Constitution and Article I, Section 4, of the Constitution of the State of Illinois, and are fully protected thereby.

19.     Any claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against defendant upon which relief can be granted.

20.     Damages which are punitive or exemplary in nature are unconstitutional in that if such damages are imposed, it would be in violation of the procedural and substantive due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the equal protection clause of the Fourteenth Amendment of the United States Constitution, and would be based upon a standard which is unconstitutionally vague. Any award of damages based upon "aggravating circumstances" would be punitive in nature.

12

130334254v1 0932644

21.     Punitive damages are not recoverable against defendant in that punitive damages can be recovered only once against defendant for the same conduct and thereafter all other claims or attempts at recovery of punitive damages are unconstitutional.

22.     Defendant is entitled to a setoff of any sums paid by any party, non-party or other individual who may or could have been liable to the plaintiffs for the alleged damages claimed in their lawsuit, and as such, this Defendant seeks setoff of such sums against any judgment that may be rendered in Plaintiffs' favor in the trial of this matter.

23.     Goulds adopts and incorporates by reference all of the Affirmative Defenses by all of the Defendants in this action, not specifically enumerated herein, and further reserves the right to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

24.     Defendant reserves the right to assert any additional defenses which it may learn through discovery.

## ANSWER TO ALL CROSS-CLAIMS

Goulds answers any and all cross-claims now and hereafter filed against it as follows:

1.     Goulds denies any liability for contribution, indemnity, subrogation or otherwise on any cross-claim, denies all facts alleged in support of said claim, and alleges that any cross-claim for indemnity fails to state a claim upon which relief can be granted.

**WHEREFORE**, Goulds denies that the plaintiff is entitled to any damages or other relief and demands judgment dismissing the Complaint and any cross-claims against Goulds on the merits, together with its costs and disbursements.

13

130334254v1  0932644

Dated: 25th day of April, 2012

**HINSHAW & CULBERTSON LLP**

By:     /s/ Craig T. Liljestrand
        Craig T. Liljestrand # 6204952
        222 North LaSalle Street
        Suite 300
        Chicago, IL 60601
        Phone: 312-704-3647
        Fax: 312-704-3001
        cliljestrand@hinshawlaw.com

        Attorney for Defendant,
        Goulds Pumps, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system this 25th day of April, 2012, which will send notification of such filing to all attorneys of record.

/s/ Donna M. Ruane

14